ORIGINAL

FILED

SEP - 7 2017

# In the United States Court of Federal Claims

No. 17-CV-01089

(Filed: September 7, 2017)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| CARLY MARIE MORTON, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER OF DISMISSAL

On August 21, 2017, the Plaintiff Carly Marie Morton ("Plaintiff"), acting *pro se*, filed an Amended Complaint alleging that she is entitled to money from the State of Washington under the Privileges and Immunities Clause of Article IV of the United States Constitution. Am. Compl. at 3. Plaintiff states that she was an umpire and referee from 1998 to 2012 and was denied the privileges "in work, property, monies for retirement, and immunities in the law as Lebron James." *Id.*

In order for a claim to be within the jurisdiction of this Court, it must be "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon and express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491 (2016). Pursuant to the RCFC: "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

Article IV, section 2 states: "[t]he Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const. art. IV, § 2, cl. 1. The Privileges and Immunities Clause of Article IV does not provide a basis for jurisdiction in this court because it is not a source that mandates the payment of money to the Plaintiff. In *May v. United States*, the Federal Circuit stated; "[t]he Privileges and Immunities Clause of Article IV of the Constitution . . . [does] not mandate the payment of money by the government for violations." *May v. United States*, 534 F. App'x 930, 933 (Fed. Cir. 2013); *see, e.g., LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995) (finding lack of jurisdiction over constitutional claims because none of the provisions alleged mandates the payment of money). Because Article IV is not a money mandating source of law, the Court must dismiss Plaintiff's case.

7017 1450 0000 1346 3998

Therefore, the Court **DISMISSES** Plaintiff's Amended Complaint for lack of subject matter jurisdiction.  The Clerk of Court is directed to enter judgment accordingly.

EDWARD J. DAMICH
Senior Judge